# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8262 | **DATE** | MARCH 21, 2002 |
| **CASE TITLE** | ELVIRA SISTO v. SBC AMERITECH, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for **APRIL 24, 2002 at 11:00 a.m.**

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss [11-1] is granted in part and denied in part. The Count I denial of benefits claim is dismissed without prejudice to timely moving to amend the complaint to bring such a claim against the appropriate benefit plans. The Count I failure to provide documents claim is dismissed with prejudice. Counts II and IV are dismissed without prejudice. Defendants SBC/Ameritech and Sedgewick James of Illinois are dismissed from this action. Plaintiff is granted leave to file an amended complaint by no later than April 8, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 19 |
| | Notified counsel by telephone. | | MAR 2 2 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 3/21/02 date mailed notice | |
| cw | courtroom deputy's initials | 02 MAR 21 PM 5:15 | | |
| | | Date/time received in central Clerk's Office | mqm mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 2 2 2002

ELVIRA SISTO,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )  No. 01 C 8262
                                 )
SBC AMERITECH, SEDGEWICK         )
JAMES OF ILLINOIS, and           )
ILLINOIS BROTHERHOOD OF          )
ELECTRICAL WORKERS, LOCAL        )
NO. 21,                          )
                                 )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Elvira Sisto is a former employee of defendant SBC/Ameritech.[1] Defendant Sedgewick James of Illinois ("Sedgewick") administers certain SBC employee benefit plans. Plaintiff's employment with SBC was governed by a collective bargaining agreement (the "CBA") and defendant Illinois Brotherhood of Electrical Workers, Local No. 21 ("IBEW") was the union representing her under the CBA. This action was removed from the Circuit Court of Cook County, Illinois. Following

---

[1] SBC/Ameritech has gone through a number of name changes and/or purchases over the past few years. Throughout this opinion, it will be referred to as "SBC," regardless of the particular name during the time period or in the document under discussion.

removal, plaintiff filed her Amended Complaint containing four counts. Count I contains claims against SBC and Sedgewick under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. It is claimed that SBC and Sedgewick improperly denied plaintiff benefits to which she was entitled and also that these defendants failed to provide her with copies of plan documents as required by 29 U.S.C. § 1024(b)(4). See also 29 U.S.C. § 1132(c)(1). In Count II, it is claimed that SBC and Sedgewick violated the terms of the CBA in discharging plaintiff, failing to provide her with certain benefits, and in other ways. In Count III, it is claimed that IBEW breached its duty of fair representation by failing to pursue grievances on her behalf. Count IV is a state law claim against SBC and Sedgewick that they retaliated against her and wrongfully discharged her for exercising rights under the Illinois Workers' Compensation Act. Defendants SBC and Sedgewick have moved to dismiss the claims against them. Defendant IBEW has answered the Amended Complaint.

On a Rule 12(b)(6) motion to dismiss, plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). A

complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); Anderson v. Simon, 217 F.3d 472, 474 (7th Cir. 2000), cert. denied, 531 U.S. 1073 (2001); Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999); Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Scott, 195 F.3d at 951; Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). It is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Scott, 195 F.3d at 951; Albiero, 122 F.3d at 419; Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). It is also unnecessary to plead facts that would negate an affirmative defense. Alvarado v. Litscher, 267 F.3d 648, 651-52 (7th Cir. 2001); Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994); Wade v. Henderson, 2002 WL 15697 *1 (N.D. Ill. Jan. 4, 2002). It is also true, however, that a plaintiff can plead herself out of court by alleging facts showing there is no viable claim.

Jackson, 66 F.3d at 153-54; Tregenza, 12 F.3d at 718; Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). Moreover, attaching actual documents to the complaint will override inconsistent descriptions of those documents alleged in the body of the complaint. See In re Wade, 969 F.2d 241, 249 (7th Cir. 1992); Beam v. IPCO Corp., 838 F.2d 242, 244-45 (7th Cir. 1988). Further, as long as they are consistent with the allegations of the complaint, a plaintiff may assert additional facts in its response to a motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth, 199 F.3d at 368; Albiero, 122 F.3d at 419; Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997); Hrubec v. National Railroad Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992).

As to the Count I claim for denial of benefits, defendants contend a plan itself is the only proper defendant, not an employer or administrator. See Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996). Plaintiff apparently[2] seeks short term disability benefits under SBC's

---

[2]The disjointed nature of plaintiff's writing and numerous typographical or grammatical errors make it difficult to understand plaintiff's Amended Complaint and brief. Although defendants characterize plaintiff's pleadings as being in part "incomprehensible," defendants' motion and reply indicate an ability to comprehend the essential aspects of plaintiff's contentions. Plaintiff's contentions are difficult to discern and some details or fine points may be missed, but the presentation is not incomprehensible.

Sickness and Accident Disability Benefit Plan and long term disability benefits under SBC's Long Term Disability Plan. Both Plans are alleged to be self-insured by SBC and Plan documents show SBC is the administrator of both Plans. It is alleged that Sedgewick was retained to act as SBC's agent in administering the Plans.[3] Plaintiff concedes that Sedgewick is not a proper defendant to the claim for lost benefits. Plaintiff contends SBC is so closely identified with the Plans that it is an appropriate party, but alternatively seeks leave to amend the complaint to instead name the Plans as defendants. Arguably, SBC and Sedgewick are named in this claim as agents of the Plans. See id. at 1490-91. But even if that were true, the claim would still be against the Plans, not the Plans' agents. Additionally, the close relationship between SBC and the Plan is not a sufficient basis for suing SBC on this claim. Hupp v. Experian Corp., 108 F. Supp. 2d 1008, 1013 (N.D. Ill. 2000); Fortmann v. Avon Products, Inc., 1999 WL 160258 *4 (N.D. Ill. March 9, 1999). The denial of benefits aspect of Count I will be dismissed and plaintiff will be granted leave to amend the complaint to name the two Plans as defendants to the denial of benefits claim contained in Count I. Defendants do not raise any other grounds for dismissing this aspect of Count I.

---

[3]On the pending pleadings, it must be assumed that both SBC and Sedgewick are administrators of the Plans.

Count I also contains an ERISA claim for failure to provide plan documents. ERISA provides: "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). ERISA also provides: "Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation . . . with respect to any single participant or beneficiary, shall be treated as a separate violation." 29 U.S.C. § 1132(c)(1).

Defendants contend plaintiff fails to allege a written request for plan documents and therefore cannot have a claim for

a violation of § 1024(b)(4).  See Anderson v. Flexel, Inc., 47 F.3d 243, 248-50 (7th Cir. 1995).  The complaint does not specify whether the requests plaintiff made were oral or written, but, in response to the motion to dismiss, plaintiff concedes that the requests she personally made were oral.  She also concedes that the documents were provided shortly before the Amended Complaint was filed.  In response to the motion to dismiss, plaintiff argues that the original complaint filed in state court constitutes the written request for plan documents.  Although not cited by defendants, the Seventh Circuit has held that complaints and other court pleadings (e.g., discovery requests) cannot satisfy an ERISA requirement that certain requests for documents be in writing.  Verkuilen v. South Shore Building & Mortgage Co., 122 F.3d 410 (7th Cir. 1997).  Since plaintiff concedes any precomplaint requests were not in writing and since the complaint itself cannot satisfy the writing requirement, the § 1024(b)(4) aspect of Count I will be dismissed.

In Count II, plaintiff alleges that SBC breached the CBA by discharging her, failing to provide her with certain stock benefits, and by discriminating against her because of a disability.  A claim for breach of a collective bargaining agreement must be brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  Filippo v. Northern

Indiana Public Service Corp., 141 F.3d 744, 748 (7th Cir. 1998); More v. Roadway Exp., Inc., 1998 WL 292417 *4-5 (N.D. Ill. May 19, 1998), aff'd by unpublished order, 175 F.3d 1020 (7th Cir. 1999). Plaintiff alleges in the Amended Complaint that the CBA has a grievance provision. A copy of the CBA's grievance and arbitration provisions are attached to the Amended Complaint. See Am. Compl. Exh. 17. The CBA provides that the grievance and arbitration provisions are the "exclusive forums for resolution and settlement of employee disputes during the term of" the CBA. CBA § 13.10. Therefore, plaintiff ordinarily would be required to pursue her claim through the grievance procedure and exhaust those remedies before bringing a § 301 suit. McLeod v. Arrow Marine Transport, Inc., 258 F.3d 608, 616 (7th Cir. 2001); Hammer v. International Union, United Automobile, Aerospace, & Agricultural Implement Workers of America, 178 F.3d 856, 858 (7th Cir. 1999); Roman v. United States Postal Service, 821 F.2d 382, 386 (7th Cir. 1987); Kocolowski v. University of Chicago, 1993 WL 443405 *2 (N.D. Ill. Oct. 29, 1993). Exhaustion may be excused if "(1) resorting to the grievance procedure would be futile; (2) the employer through its conduct repudiated the grievance procedure itself; or (3) the union breached its duty of fair representation." McLeod, 258 F.3d at 616. Accord Roman, 821 F.2d at 388; Kocolowski, 1993 WL 443405 at *2. There is no argument that either of the first two exceptions applies.

In the Amended Complaint, plaintiff affirmatively alleges that she requested that IBEW file a grievance on her behalf but that it failed to do so. Where the union has the sole power to pursue a grievance, the union's breach of its duty of fair representation may excuse exhaustion. Vaca v. Sipes, 386 U.S. 171, 185 (1967); McLeod, 258 F.3d at 616; Roman, 821 F.2d at 388. The CBA, however, provides that an employee may file a grievance on her own. See CBA § 13.11(A) ("Any individual employee or group or employees shall have the right to present grievances to the Company and such grievances may be settled without the intervention of the Union, so long as the settlement is not inconsistent with the terms of this Agreement and provided that the Union has been given an opportunity to be present at such settlement."). Plaintiff does not allege that IBEW prevented her from pursuing a grievance on her own, only that it failed to bring the grievance as her representative.[4] Plaintiff had an affirmative duty to keep herself aware of her available remedies and the applicable procedures. Hammer, 178 F.3d at 858-59. Since she could have pursued a grievance without the assistance of IBEW, any breach of duty by IBEW does not excuse plaintiff

---

[4] In response to the motion to dismiss, plaintiff states that, after the filing of the Amended Complaint, the IBEW filed a grievance on her behalf. That grievance apparently is still pending, though it may be subject to being rejected as untimely. See CBA § 13.12(A)(1).

from exhausting her grievance remedy before bringing a § 301 claim. Since a grievance may now be pending, the Count II claim will be dismissed without prejudice.

Count III is brought against IBEW, not SBC or Sedgewick. Since IBEW has not moved to dismiss this count, the merits of this count are not before the court.

The only federal claims that remain pending are a claim against the Plans for failure to provide benefits and a claim against IBEW for breaching its duty of fair representation in failing to adequately represent plaintiff in grievance proceedings. Count IV is a state law claim against SBC and Sedgewick for discharging plaintiff in retaliation for filing a workers' compensation claim. No federal claim remains pending against SBC and Sedgewick. This claim would be before the court on supplemental party jurisdiction. See 28 U.S.C. § 1367(a). The remaining aspect of Count I concerns the denial of short or long term disability payments, not the merits of plaintiff's discharge. Count III concerns IBEW's failure to adequately represent plaintiff, including on a possible grievance challenging plaintiff's discharge. The focus of that claim, though, is on IBEW's motivation, not SBC's motivation in discharging plaintiff. The court declines to exercise supplemental party jurisdiction over Count IV. That claim will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [11-1] is granted in part and denied in part. The Count I denial of benefits claim is dismissed without prejudice to timely moving to amend the complaint to bring such a claim against the appropriate benefit plans. The Count I failure to provide documents claim is dismissed with prejudice. Counts II and IV are dismissed without prejudice. Defendants SBC/Ameritech and Sedgewick James of Illinois are dismissed from this action. Plaintiff is granted leave to file an amended complaint by no later than April 8, 2002. Status hearing set for April 24, 2002 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 21, 2002