# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | | |
|---|---|---|---|---|
| **CASE NUMBER** | 01 C 8262 | **DATE** | **MARCH** | , 2004 |
| **CASE TITLE** | ELVIRA SISTO v. AMERITECH SICKNESS AND ACCIDENT DISABILITY BENEFIT PLAN, et al. | | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' bill of costs is granted in part and denied in part. The Clerk of the Court is directed to tax costs and enter judgment in favor of defendants Ameritech Sickness and Accident Disability Plan and Ameritech Long Term Disability Plan against plaintiff in the total amount of $386.10 representing costs for exemplification and copies of papers.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 15 2004 | |
| | Notified counsel by telephone. | | date docketed | 95 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MARCH 11, 2004 | |
| | | | date mailed notice | |
| cw | courtroom deputy's initials | | mqm | |
| | | | mailing initials | |

U.S. DISTRICT COURT
CLERK
2004 MAR 12 PM 4:48

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELVIRA SISTO,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )    No. 01 C 8262
                                       )
AMERITECH SICKNESS AND ACCIDENT        )
DISABILITY BENEFIT PLAN and            )
AMERITECH LONG TERM DISABILITY         )
PLAN,                                  )
                                       )
                Defendants.            )

## MEMORANDUM OPINION AND ORDER

Plaintiff Elvira Sisto brought this action in which she
claimed that she had been denied disability benefits. Initially,
she also complained that she was not provided with plan
documents. The latter claim was dismissed on a motion to dismiss
on the ground that plaintiff was not entitled to a penalty under
29 U.S.C. § 1132(c)(1) because she had not made a written request
for the documents as is required under 29 U.S.C. § 1024(b)(4).
See Sisto v. SBC Ameritech, 2002 WL 448993 *2-3 (N.D. Ill.
March 22, 2002) ("Sisto I"). However, prior to the dismissal of
this claim and apparently in response to plaintiff's filing of
this lawsuit, plaintiff was provided with copies of the plan
documents. The claims for denial of disability benefits were
dismissed on summary judgment review of the pertinent plans'
administrative decisions. See Sisto v. Ameritech Sickness &
Accident Disability Benefit Plan, 2003 WL 22472022 *2 (N.D. Ill.
Oct. 31, 2003) ("Sisto III"). On arbitrary and capricious review

Oct. 31, 2003) ("Sisto III"). On arbitrary and capricious review of the denial of short-term disability benefits based on a work-related injury ("AD benefits"), defendant Ameritech Sickness and Accident Disability Plan's (the "SAD Plan") decision that a slip in the employee washroom is not "an accident during and in connection with the performance of [job] duties" was upheld as reasonable. See id. at *8. As to long-term disability benefits, the Ameritech Long Term Disability Plan's (the "LTD Plan") decision that plaintiff failed to show a functional capacity that prevented her from performing any work was upheld on arbitrary and capricious review. See id. at *9. Presently pending is the SAD Plan's and the LTD Plan's bill of costs.

The original and first amended complaint filed in this case did not name either of the Plans as defendants. Instead, the named defendants in those complaints were plaintiff's employer SBC Ameritech ("SBC"), which was the named administrator for both Plans; plaintiff's union ("IBEW"); and Sedgewick James of Illinois ("Sedgewick"), a company that SBC retained to administer the Plans. See Sisto I, 2002 WL 448993 at *1. The same attorneys that represented SBC and Sedgewick also represented the Plans when they were named as defendants. Although the first amended complaint included a count against SBC and Sedgwick for denial of benefits that was based, at least in part, on those two defendants' alleged role as administrators of the Plans, the first amended complaint also included Counts II and IV based on plaintiffs' allegedly wrongful discharge from

employment. <u>See</u> <u>id.</u> Perhaps the Plans paid for the costs
incurred by SBC and Sedgewick based on the allegations that they
were acting on behalf of the Plans, but there is no express
representation to that effect submitted with the bill of costs.
Also, SBC's alleged conduct in discharging plaintiff would have
been in its capacity as an employer, not its capacity as an
administrator of the Plans. It is unclear whether Sedgewick's
alleged involvement in plaintiff's discharge would have been in
its capacity as an administrator of the Plans. In any event,
since the Plans have not adequately established that they
actually reimbursed SBC and Sedgewick for their costs and were
obligated to do so, any expenses incurred prior to the April 8,
2002 filing of the Second Amended Complaint will not be
considered.

Plaintiff contends no costs should be awarded to either
party because there was essentially no prevailing party.
Plaintiff contends there was not a prevailing party, but instead
a first time declaration as to a construction of the Plans'
definition of work-related injuries as related to injuries in an
employee washroom. That is a misdescription of the review of
administrative proceedings that was done in <u>Sisto III</u>. First,
plaintiff's argument only applies to the claim against the SAD
Plan for AD benefits. The ruling on the claim against the LTD
Plan was resolved based on a failure to provide proof of
disability and there was no work-related injury requirement.
Moreover, this court did not actually construe the meaning of any

-3-

language of the SAD Plan. The court did not directly consider whether plaintiff had an injury entitling her to AD benefits; it was only considered whether the SAD Plan had acted arbitrarily and capriciously in denying AD benefits. It was the SAD Plan that had construed the work-related injury provisions of the SAD Plan during plaintiff's administrative proceedings. This court upheld that construction as reasonable (not arbitrary and capricious); the court did not determine that the SAD Plan's construction was the only or correct construction of the terms of the SAD Plan. Plaintiff's suit in this court sought to overturn the denial of benefits by the two Plans. Plaintiff was not successful in overturning the Plans' denials of benefits. The Plans were the prevailing parties.

Plaintiff also contends she was partially successful because her lawsuit resulted in her obtaining copies of plan documents. The plan documents, however, were provided before the Plans were named as defendants. As discussed above, no costs will be awarded for the time period prior to the Plans being named as defendants. Any costs that will be awarded will be based on plaintiff's pursuit of other claims after the plan documents were provided. Moreover, plaintiff's actual claim under § 1132(c)(1) was dismissed on the ground that plaintiff had not made a written request for the documents. See Sisto I, 2002 WL 448993 at *2-3.

Defendants having prevailed, however, does not entirely resolve the question of whether the Plans are entitled to costs.

Unlike the ordinary case where there is a strong presumption that the prevailing party is entitled to costs, the award of costs in this case is governed by 29 U.S.C. § 1132(g)(1). Under that provision, there is only a "modest presumption" that the prevailing party is entitled to costs. See Harris Trust & Savings Bank v. Provident Life & Accident Insurance Co., 57 F.3d 608, 617 (7th Cir. 1995) (quoting Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 830 (7th Cir. 1984)). The Harris Trust case involved both costs and attorney fees and the Seventh Circuit applied the same standard to both without discussing whether there should be a distinction. In Quinn v. Blue Cross & Blue Shield Association, 161 F.3d 472, 479 (7th Cir. 1998), the Seventh Circuit stated, without discussion, that a prevailing party could receive costs under § 1132(g)(1) even if not entitled to attorney fees. This indicates that a lesser standard applies to awarding costs, which is all that defendants seek in the present case.

Here, the Plans were slow in providing copies of plan documents and the SAD Plan's notices to plaintiff were not always clear as to what its rulings were. See Sisto III, 2003 WL 22472022 at *8. However, plaintiff continued to pursue her claims even after she received the plan documents and it is that stage of the litigation for which costs will be awarded. It was clear that plan language called for arbitrary and capricious review. See id. at *1; Sisto v. Ameritech Sickness & Accident Disability Benefit Plan, 2002 WL 1400283 *3-4, 7 (N.D. Ill.

June 27, 2002) ("Sisto II").  Resolving that the Plans' actions were not arbitrary and capricious did not involve any close or difficult questions.  See Sisto III, 2003 WL 22472022 at *8-9. See also Sisto II, supra (plaintiff could not make a minimal showing of likelihood of success in support of her request for preliminary relief).  Plaintiff had no reasonable or solid basis for contending otherwise.  See Harris Trust, 57 F.3d at 617; Little v. Cox's Supermarkets, 71 F.3d 637, 644 (7th Cir. 1995).

Even if plaintiff's claim lacked a substantial basis, special circumstances may still exist for not awarding costs or at least for minimizing the amount of costs that are awarded. See Harris Trust, 57 F.3d at 617 & n.5; Little, 71 F.3d at 644-45.  One factor that may be considered is plaintiff's ability to pay an award of costs.  It is represented that plaintiff is presently living on Social Security disability benefits and Medicare for her health insurance.  It is also represented that plaintiff has an outstanding claim for worker's compensation benefits.  Such representations are consistent with representations made during earlier proceedings.  See Sisto II, 2002 WL 1400283 at *2.  It is accepted that plaintiff has limited means.  In light of that situation, the amount of costs that will be awarded will be kept to a minimum.  Cf. Little, 71 F.3d at 644-45.

Administrative review of the Plans' decisions was generally limited to the administrative record.  Sisto III, 2003 WL 22472022 at *2.  The only exception was any outside

evidence that might have been pertinent to resolving questions as to exhaustion. See id. The reason that an issue existed as to exhaustion was that the SAD Plan failed to be clear as to the type of short-term benefits it was paying plaintiff and it failed to issue a written decision. See id. at *8. Resolution of the exhaustion issue did not require the consideration of much, if any, evidence that was outside the administrative record. See id. The transcripts for which defendants seek costs were not necessary for the decision in this case. Moreover, three of the depositions are of defendants' own employees. They could have instead obtained affidavits from their own employees. Defendants do not show that the deposition of plaintiff was necessary for the resolution of administrative review. No costs will be awarded related to transcripts.

Defendants also do not establish that plaintiff's social security records were pertinent to the administrative review issue that was before the court. No costs will be awarded for the subpoena and copying related to plaintiff's social security records.

That leaves only the copying costs incurred after April 8, 2002. Plaintiff does not object to any of the copied items as unnecessary. However, she objects to the amount charged for in-house copying. Defendants calculate copying charges at 10 cents per page. In-house copying charges are limited to those that an outside service would charge. Currently, this bench has generally allowed 10 cents per pages. See Petit v. City of

<u>Chicago</u>, 2003 WL 22339277 *5 (N.D. Ill. Oct. 10, 2003).
Plaintiff's counsel represents that, for this case, he obtained
outside copying at Kinko's for 3.5 cents per page. In light of
this representation and plaintiff's financial situation,
defendants' in-house copying costs will be limited to 3.5 cents
per page. At 3.5 cents per page, defendants are entitled to
$362.74 for 10,364 copies. Defendants will also be awarded
$23.36 for copying costs shared with plaintiff for a total award
of $386.10.

IT IS THEREFORE ORDERED that defendants' bill of costs is
granted in part and denied in part. The Clerk of the Court is
directed to tax costs and enter judgment in favor of defendants
Ameritech Sickness and Accident Disability Plan and Ameritech
Long Term Disability Plan against plaintiff in the total amount
of $386.10 representing costs for exemplification and copies of
papers.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: MARCH || , 2004

-8-